FeeeMAN, J.,
delivered the opinion of the court:
This is a motion to have judgment against defendant, as sheriff of Haywood county, for alleged failure to pay over about sixteen hundred dollars, collected as municipal taxes, due the corporation of Brownsville, assessed for the year 1876. It appears from the record, that the tax book was placed in the hands of the sheriff, for collection, by John Nail, the county trustee. This seems to- have been done under the impression that the Act of 1875, page 129 (P. Acts), was in force, which authorized the trustee to *641 place t.lie taxes in tlie hands of a constable or sheriff, and gave a motion against the sheriff for failure to perform his duties under the law.
But this act was repealed by the Act of 3.877, passed March 20 of that year, going into effect from the day of its passage. This left the law as it existed before the Act of 1875, as to the town’s having less than eight thousand inhabitants, by which the city marshal or town constable was the tax collector in such cases. This presents the question whether a motion is given by any of our statutes against a .sheriff who voluntarily, and not as the officer authorized by law, collects taxes of a municipal cor-' poration. Sec. 3594, and sub-sections, gives a motion against a sheriff or constable in cases of dereliction of duty in collections on executions. Sec. 3600 makes them liable to motion before a justice of the peace, in favor of the party interested, for any money collected or received by them, upon any debt or demand cognizable before a justice of the peace, and put in their hands for collection, whether such money was received before or after the issuance of a warrant for such debt or demand, and with ór without judgment or execution. It is clear, however, none of these provisions meet the case in hand. This is not an execution from a court or justice of the peace, nor is it a claim cognizable before a justice of the peace, to be collected by warrant, or issuance of execution after suit and judgment, as is contemplated by the last section referred to, or collected without such process by the officer. The motion can only be used where expressly given by statute. It is an extraordinary remedy, and cannot be extended by implication, beyond the plain language of the statutes giving it. By sec. 363 4, a motion lies in favor of the party aggrieved, state, county, corporation, or individual, against any tax collector, tax assessor, revenue collector, or commissioner, ' for moneys in their hands officially, and not *642 paid over or accounted for according to law. This only applies to moneys received by these officers by virtue of their official position as such. On careful examination of our statutes, we have found none which authorizes the motion in'this particular case. It is simply the case of a sheriff undertaking, as an agent, the collection of taxes due the corporation, where he was not, by law, the officer required to perform such duty. Ho statute giving a motion in this case has been shown us, nor is it likely one would exist, as it is a case not contemplated by law, and, therefore, no remedy of this kind would be enacted to meet it. Without expressing any opinion on the other questions debated before us, we are compelled, for the reasons assigned, to reverse the judgment and dismiss the motion, with costs.